Petition of PANAMA TRANSPORT CO.
THE J. H. SENIOR.

District Court, S. D. New York.
March 19, 1947.

Kirlin, Campbell, Hickox & Keating, of New York City (Ira A. Campbell and Joseph Arcoleo, both of New York City, of counsel), for petitioner.

Barry, Wainwright, Thacher & Symmers, of New York City (Jos. M. Brush, of New York City, of counsel), for certain injury and death claimants.

John F. X. McGohey, U. S. Atty., of New York City.

HULBERT, District Judge.

Motion for additional security in a limitation of liability proceeding (Title 46 U. S.C.A. § 183, subdivision (b)) and for a reference appraising the true value of the tank vessel, J. H. Senior in her damaged condition.

In August 1943 the Senior was in collision at sea, in a convoy, and not only suffered fire damage, but certain lives were lost and personal injuries sustained and, in addition, considerable property damage incurred. An ad interim stipulation for value was filed in the sum of $126,963.33 and a Special Master was appointed to receive proofs of claims. He has reported that claims for property damage exceed $15,000,-000; personal injury and death claims amount to approximately $6,300,000 and it is contended by the moving party that the true value of the Senior in damaged condition was at least $650,000.

The Panama Transportation Company, the owner of the S/S Senior oppose this motion contending that the posting of additional security cannot be required since said vessel is a "tank vessel" and accordingly is excluded from the provision of the statute, Title 46 U.S.C.A. § 183, subdivision (f).

This latter provision states that the term "seagoing vessel" shall not include "tank vessels."

None of the advocates for any of the parties have cited, nor has the Court been able to discover any reported case in point. There have been submitted as exhibits, certain legislative hearings and reports while the bill was under consideration, to aid the Court in determining the intent of the Congress.

Upon careful consideration of the briefs and exhibits and the statute, the Court concludes that it was not intended by subdivision (f) to exclude tank vessels of the type of the Senior from the provision of the Act but that the intent of Congress was to refer to tank vessels which are of the harbor or river type. It is argued that the reason the Congress excluded certain types of vessels from the provisions of section 183 is because it was intended to apply the statute to passenger carrying vessels. But if this were true, certainly it may be assumed the Congress would have more clearly set forth such intent and would have excluded, by express provision certain cargo vessels in a nonpassenger carrying status.

The motion for additional security is granted, and unless the proctors for the respective parties can agree upon the amount to be posted as security, a reference will be had to a Special Master for that purpose. Settle order on notice.